**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jared Ruder, | No. CV-16-04460-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| CWL Investments LLC, | |
| Defendant. | |

Plaintiff Jared Ruder brought a claim against Defendant CWL Investments, LLC to recover unpaid overtime under the Fair Labors Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of himself and a proposed class of all current and former Assistant Store Managers ("AMSs") who were employed by CWL within the last three years at various Jimmy John's franchise locations in Arizona and Michigan.  Doc. 1.  Ruder is also a member of a conditionally-certified FLSA action pending in the District Court for the Northern District of Illinois against Jimmy John's, LLC; Jimmy John's Enterprises, LLC; and Jimmy John's Franchise, LLC ("Jimmy John's Action").   Doc. 16 at 2; Doc. 18 at 1; Doc. 16-1 at 2.  That action also seeks to recover unpaid overtime and was brought in 2014 on behalf of ASMs who worked for both corporate-owned and certain franchise-owned Jimmy John's stores.  *Id.*  CWL is not a party to the Jimmy John's Action.  The judge presiding over the Jimmy John's Action, Judge Kocoras, granted a motion for an anti-suit injunction on March 9, barring several of the opt-in plaintiffs in

that case, including Ruder, from proceeding with FLSA actions against certain Jimmy John franchisees until otherwise instructed by the court.

Ruder did not file a motion for conditional class certification before the anti-suit injunction was issued.[1]  He has now filed a motion for equitable tolling, asking the Court to toll the statute of limitations for potential opt-in plaintiffs.  Doc. 16.

A two-year statute of limitations generally applies to FLSA claims, but the period is extended to three years if the cause of action is based on a "willful violation" of the statute.  29 U.S.C. § 255(b).  The statute of limitations runs for each plaintiff individually until he files his written consent to opt into an action.  29 U.S.C. § 256(b).  For Ruder and the three plaintiffs who have filed their consent to affirmatively opt in, the statute of limitations is no longer running.  For any other potential opt-in members, the statute of limitations continues to run.

"[T]he statute of limitations may be equitably tolled (1) when extraordinary circumstances beyond a plaintiff's control make it impossible to file a claim on time, or (2) when a plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant."  *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2011 WL 5925078, at *2 (N.D. Cal. Nov. 28, 2011) (citing *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999)).  CWL argues that Ruder's motion for equitable tolling seeks an advisory opinion from the Court and that, regardless, Ruder has not shown that equitable tolling is warranted.

The Supreme Court has made clear that "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them.  Its judgments must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quotation marks and citations omitted).  In

---

[1] He did, however, file consent-to-join forms for three opt-in plaintiffs in mid-April.  Judge Kocoras extended the anti-suit injunction, enjoining these new opt-in plaintiffs from proceeding with this case against CWL.  Doc. 18-1 at 82.

this case, a decision to equitably toll the statute of limitations would have no effect on Ruder and the other plaintiffs who have joined the case. Ruder argues, however, that a decision not to grant the motion would directly affect the scope of conditional certification and prejudice potential opt-in plaintiffs. Doc. 19 at 3. But Ruder has not filed a motion for conditional class certification, and it is not certain that such a motion would be granted. Even if the Court had already granted conditional class certification, the Supreme Court has made clear that such certification under the FSLA "does not produce a class with an independent legal status, or join additional parties." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013). Thus, neither the class itself nor individuals who have not yet opted into the class would have status or interests before the Court.

Ruder contends that courts have routinely granted motions for equitable tolling to avoid prejudice to potential opt-in members in FLSA cases. Doc. 16 at 5 (collecting cases); Doc. 19 at 3. True, but Ruder has not cited a single case that considered whether the court has jurisdiction to grant equitable tolling to protect potential opt-in plaintiffs. It appears that "only a few [courts] have considered this particular jurisdictional argument." *Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2013 WL 5433593, at *10 (N.D. Ill. Sept. 30, 2013). All who have done so have found a lack of jurisdiction. The Court of Appeals for the Federal Circuit explained:

> The district court's tolling order did not apply to the seven plaintiffs before the court, each of whom had unquestionably filed on time. Nor did it apply to the employees who might possibly benefit from a tolling ("employees as to whom discovery has been directed"). Those employees have not filed claims, and it is unknown whether they ever will. Under general principles derived from the "case or controversy" requirement of Article III, Section 2, Clause 1 of the U.S. Constitution, a federal court is without power to give advisory opinions, because such opinions cannot affect the rights of the litigants in the case before it. Nor do courts "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." When and if the time comes, the district court will presumably apply the doctrine of equitable tolling

consistently with Congress' intent in enacting the particular statutory scheme set forth in FLSA.

*United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (citations omitted); *see also Piekarski v. Amedisys Illinois, LLC*, No. 12-CV-7346, 2013 WL 2357536, at *3 (N.D. Ill. May 28, 2013) (finding that it would be premature and improper for the court to toll the statute of limitations for prospective plaintiffs in a FLSA action); *Tidd v. Adecco USA, Inc.*, No. CIV.A. 07-11214-GAO, 2010 WL 996769, at *3 (D. Mass. Mar. 16, 2010) (finding that "the plaintiffs' request for equitable tolling of the statute of limitations for potential class members is premature.  Because these persons have not yet opted into the case, the plaintiffs are, in effect, asking for an advisory opinion, which the Court cannot issue.") (citation omitted).

The Court agrees that granting equitable tolling for hypothetical opt-in plaintiffs would constitute an impermissible advisory opinion.  In the current circumstances, it is not clear that equitable tolling will ever be necessary.  It may be that conditional class certification is never granted or, even if it is, that no individuals for whom equitable tolling is necessary will opt in.  Moreover, future opt-in plaintiffs must show the diligence and extraordinary circumstances required to obtain equitable tolling.  Until the Court knows the identities and circumstances of those potential plaintiffs, it is unable to find that equitable tolling is warranted.

Ruder further argues that the Court should equitably toll the statute of limitations for potential opt-in plaintiffs because only those individuals who worked for CWL within the 3-years prior to the granting of conditional certification will be notified of this action and given a chance to participate.  Doc. 19 at 3.  But the scope of any eventual notice is also a premature issue.  Ruder will be free to make appropriate arguments if and when the point of conditional certification arrives in this action.[2]

---

[2] At least some cases seem to have authorized broader notice in FSLA cases.  *See Bogor v. Am. Pony Exp., Inc.*, No. 09-2260-PHX-JAT, 2010 WL 1962465, at *4 (D. Ariz. May 17, 2010).  The Court makes no decision on the appropriate scope of notice here.

1      **IT IS ORDERED** that Plaintiff's motion for equitable tolling (Doc. 16) is **denied**

2  without prejudice.

3      Dated this 27th day of July, 2017.

David G. Campbell
United States District Judge