**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch (016473)
Stanley Lubin (003076)
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Email: nick@lubinandenoch.com

**KLAFTER, OLSEN & LESSER LLP**
Seth R. Lesser (admitted *pro hac vice*)
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Email: seth@klafterolsen.com

*Attorneys for Plaintiff and Opt-in Plaintiffs*

**EVANS LAW GROUP, P.C.**
Cameron J. Evans (admitted *pro hac vice*)
950 W. University Dr., Ste. 102
Rochester, Michigan 48307-1887
Telephone: 248-468-1485
cevans@evanslawgrp.com

**GUST ROSENFELD P.L.C**.
Wendy N. Weigand (019362)
Shelby M. Exposito (029546)
Kyle Aaron Mabe (034402)
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553
Telephone: 602-257-7422
Weigand@gustlaw.com
smexposito@gustlaw.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jared Ruder, *et al.*, | Case No. 2:16-cv-04460-DGC |
| Plaintiffs, | |
| v. | **PARTIES' JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS ALL CLAIMS WITH PREJUDICE** |
| CWL Investments, LLC, | |
| Defendant. | |

. . .

The parties, by and through undersigned counsel, hereby respectfully request the Court to enter an order approving their settlement agreement and dismissing all claims with prejudice.

This action, filed December 19, 2016, was initially filed as a proposed collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover alleged unpaid overtime pay on behalf of Plaintiff Jared Ruder ("Mr. Ruder") and potential opt-in plaintiffs who allegedly were employed by CWL as Assistant Store Managers ("ASMs") at various Jimmy John's franchise locations in Arizona and Michigan. Dkt. No. 1. Mr. Ruder alleges that CWL misclassified ASMs as exempt from overtime pay, suffered or permitted them to work overtime hours, and denied them overtime pay for the hours they worked over 40 in a workweek. To date, only three (3) other individuals, Devin Valentine ("Mr. Valentine"), Edward Mason ("Mr. Mason") and Jonathan Gorman ("Mr. Gorman") (Messrs. Ruder, Valentine, Mason and Gorman are also collectively referred to as "Plaintiffs") have filed opt-in notices. Dkt. Nos. 10, 13-14.

When this action was filed, Mr. Ruder also was an opt-in plaintiff in the consolidated FLSA nationwide collective actions brought on behalf of every Jimmy John's ASM in the United States, whether employed directly by Jimmy John's or by a franchisee. *In re Jimmy John's Overtime Litigation*, United States District Court, Northern District of Illinois, Case Nos. 14-cv-5509, 15-cv-1681 and 15-cv-6010 ("*In re Jimmy John's Overtime Litigation*"). On March 9, 2017, the United States District Judge hearing the *In re Jimmy John's Overtime Litigation* took the extraordinary action of issuing an injunction prohibiting Mr. Ruder (and other opt-in plaintiffs) from pursuing their respective FLSA lawsuits against certain franchisees. On April 20, 2017, Mr. Ruder filed a Motion for Equitable Tolling of the Statute of Limitations (Dkt. No. 16), which the Court denied on July 27, 2017. Dkt. No. 21. After the Seventh Circuit vacated the injunction, the stay in this case was lifted on consent. Dkt. Nos. 26, 27. CWL filed its Answer on March 7, 2018, denying all liability. Dkt. No. 28.

On April 12, 2018, this Court entered its First Case Management Order that provided discovery for only Mr. Ruder's anticipated motion for conditional certification of a collective action and gave Mr. Ruder until September 21, 2018, to file his motion for conditional certification. Dkt. No. 33. Mr. Ruder did not engage in any discovery and did not file a motion for conditional certification. As required by the Court's First Case Management Order, on September 14, 2018, the parties filed their report on settlement talks/discussions. Dkt. No. 36. On October 2, 2018, the Court entered an Order referring this action to Magistrate Judge John Boyle to conduct a settlement conference. Dkt. No. 37.

On December 6, 2018, Magistrate Judge Boyle conducted a settlement conference. Dkt. No. 45. With the assistance of Magistrate Judge Boyle, the parties negotiated a mutually acceptable settlement.

The Settlement Agreement provides, among other things, that Defendant will pay, or caused to be paid to, Plaintiffs a portion of their claimed back pay, Defendant will pay an agreed-upon amount of Plaintiffs' attorneys' fees and costs and Plaintiffs will release all claims against Defendant and related parties and stipulate to this Court entering an order dismissing the case with prejudice and without cost or fees to any party. A copy of the Settlement Agreement is attached as Ex. 1. The parties agree that the Settlement Agreement represents a fair resolution and a reasonable compromise of disputed claims.

In particular, as a consequence of the parties' settlement, each of the Plaintiffs will receive the following sums of money:

1. Ruder (Doc. 1) - $3,877.07;
2. Allen Gorman (Doc. 14-1, p. 2) - $1,536.64;
3. Mason (Doc. 13-1, p. 2) - $3,877.07; and
4. Valentine (Doc. 13-1, p. 3) - $709.22.

At the settlement conference, each of these sums was arrived at based on a variety of factors including, *inter alia*, how long each Plaintiff worked for the Defendant, how many overtime hours each Plaintiff claimed to have worked for the Defendant and,

3

perhaps what was most important, whether each of the Plaintiffs' overtime claims were time-barred, in whole or in part, as a consequence of their potential failure to prove that Defendant's alleged violation of the FLSA was "willful" under 29 U.S.C. § 255(a).

"Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case, the parties must seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 U.S. Dist. LEXIS 176716, at * 9 (D. Ariz. Dec. 16, 2013) (citing *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)); *see also Dent v. Cox Commc'ns Las Vegas Inc.*, 502 F.3d 1141 (9th Cir. 2007). *But see, e.g., Fails v. Pathway Leasing LLC*, 2018 U.S. Dist. LEXIS 196319 at *10 (D. Colo. November 19, 2018) ("this Court joins with Chief Judge Krieger in concluding that judicial review of bona fide FLSA disputes is not required.").

The settlement in this case is fair and should be approved. The settlement resolves a "bona fide dispute between the parties with respect to coverage [and] amount due under the [FLSA]." *Id.* at 1353 n.8. Plaintiffs are represented by experienced counsel, who, in the "adversarial context of a lawsuit," negotiated for Plaintiffs "a reasonable compromise of disputed issues." *Lynn's Food Stores, Inc.*, at 1354. Other indicia of fairness are also present, including the fact that the parties investigated the issues; that the settlement will conserve substantial time and expense by eliminating the need for costly discovery and a trial of the merits; and that, by settling, Plaintiffs have avoided a significant delay in receiving any possible recovery.

Because this settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* Accordingly, the parties request that the Court approve the terms set forth in the Settlement Agreement and enter the parties' proposed Order Granting Joint Motion to Approve Settlement and Dismiss All Claims with Prejudice.

. . .

RESPECTFULLY SUBMITTED this 28th day of December, 2018

| | |
|---|---|
| /s/ Nicholas J. Enoch<br>LUBIN & ENOCH, P.C.<br>Nicholas J. Enoch (016473)<br>Stanley Lubin (003076)<br>349 North Fourth Avenue<br>Phoenix, Arizona 85003-1505<br>Telephone: (602) 234-0008<br>Facsimile: (602) 626-3586<br>Email: nick@lubinandenoch.com<br><br>KLAFTER, OLSEN & LESSER LLP<br>Seth R. Lesser (admitted *pro hac vice*)<br>Two International Drive, Suite 350<br>Rye Brook, New York 10573<br>Telephone: (914) 934-9200<br>Email: seth@klafterolsen.com | /s/ Cameron J. Evans<br>EVANS LAW GROUP, P.C.<br>Cameron J. Evans (admitted *pro hac vice*)<br>950 W. University Dr., Ste. 102<br>Rochester, Michigan 48307-1887<br>Telephone: 248-468-1485<br>Facsimile: 248-468-1814<br>Email: cevans@evanslawgrp.com<br><br>GUST ROSENFELD P.L.C.<br>Wendy N. Weigand (019362)<br>Shelby M. Exposito (029546)<br><br>One East Washington Street, Suite 1600<br>Phoenix, Arizona 85004-2553<br>Telephone: 602-257-7422<br>Facsimile: 602-340-1538<br>Email: weigand@gustlaw.com<br>Email: smexposito@gustlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2018, I electronically transmitted the attached report to the District Court Clerk's office using the CM/ECF System for filing.

*/s/ CL Scherff*